UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| BILLY MOUNT,<br><br>    Petitioner,<br><br>    v.<br><br>W. J. SULLIVAN,<br><br>    Respondent. | Case No. 20-cv-00153-LB<br><br>**ORDER TO SHOW CAUSE**<br>Re: ECF No. 1 |

# INTRODUCTION

Billy Mount, an inmate at the California Correctional Institution in Tehachapi, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He consented to proceed before a magistrate judge. (ECF No. 3.)[1] His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This order requires the respondent to respond to the petition.

# STATEMENT

The petition provides the following information: After a jury trial in Lake County Superior Court, Mr. Mount was found guilty of second-degree murder, assault with a semiautomatic

---

[1] Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 20-cv-00153-LB

1 firearm, being a felon in possession of a firearm, and unlawful possession of a firearm. A gang enhancement allegation was found true. He was resentenced on June 24, 2019, to life in prison.

He appealed. The California Court of Appeal affirmed Mr. Mount's conviction and the California Supreme Court denied his petition for review. He then filed this action.

## ANALYSIS

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The federal petition for writ of habeas corpus alleges three claims. First, Mr. Mount alleges that appellate counsel provided ineffective assistance by failing to argue that Mr. Mount was actually innocent. Second, he alleges that there was an improper use of gang evidence to convince the jury to convict him of murder with no supporting evidence. This appears to be a due process claim. *See Dowling v. United States*, 493 U.S. 342, 352 (1990) (court may consider whether the evidence was so extremely unfair that its admission violates fundamental conceptions of justice). Third, he alleges that trial attorney provided ineffective assistance of counsel in failing to present Mr. Mount's two alibi witnesses. Liberally construed, these claims are cognizable in a federal habeas action and warrant a response.

## CONCLUSION

For the foregoing reasons,

1. The petition warrants a response.

2. The clerk shall serve by mail a copy of this order and the petition upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3. The clerk also shall serve a copy of the "consent or declination to magistrate judge jurisdiction" form upon the respondent and the respondent's attorney, the Attorney General of the State of California.

4. The respondent must file and serve upon the petitioner, on or before **April 24, 2020,** an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. The respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petitioner.

5. If the petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on the respondent on or before **May 22, 2020.**

6. The petitioner is responsible for prosecuting this case. The petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. The petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to the court for consideration in this case.

**IT IS SO ORDERED.**

Dated: February 19, 2020

_____
LAUREL BEELER
United States Magistrate Judge