UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL RAY MOUNT,<br>　　　Petitioner,<br>　v.<br>W. J. SULLIVAN, Warden,<br>　　　Respondent. | Case No. 20-00153 BLF (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>(Docket No. 9) |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction.[1] Respondent filed a motion to dismiss the petition for failure to exhaust state remedies along with exhibits in support. Dkt. Nos. 9, 9-1, 9-2. Petitioner filed an opposition. Dkt. No. 10. Respondent did not file a reply. For the reasons set forth below, Respondent's motion to dismiss is GRANTED.

## I. BACKGROUND

Petitioner was convicted in 2016 by a jury in Lake County Superior Court of second degree murder with enhancements for personally discharging a firearm and commission of

---

[1] This matter was reassigned to this Court after Respondent did not file consent to magistrate jurisdiction. *See* Dkt. No. 7.

the crime for the purpose of furthering criminal gang activity. Exh. 1 at 16.[2] The trial court found true a strike prior and a prior serious felony conviction. *Id.* In 2017, the court sentenced Petitioner to a total unstayed term of 45 years to life plus 17 years determinate. *Id.*

In 2018, Petitioner appealed the conviction to the California Court of Appeal, raising four claims. Exh. 1 at 2-14. On January 28, 2019, the state appellate court struck the 10-year gang enhancement in count 1 and instead imposed a 15-year enhancement. *Id.* at 16. The court further remanded the case for resentencing on the firearm enhancement. *Id.* It affirmed the judgment in all other respects. *Id.* The California Supreme Court denied review in 2019. Exh. 2. In October 2019, the superior court denied a petition for resentencing. Dkt. No. 9 at 2.

Petitioner filed the instant federal habeas action on January 7, 2020. Dkt. No. 1.

## II. DISCUSSION

### A. <u>Exhaustion</u>

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)-(c). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *Duckworth v. Serrano*, 454 U.S. 1, 3-5 (1981). Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, petitioner must present to the California Supreme Court any claims he wishes to raise in this court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). If available state remedies have not been exhausted as to all

---

[2] All future references to exhibits are to the exhibits filed with Respondent's motion to dismiss. *See* Dkt. Nos. 9-1 (Exh. 1), 9-2 (Exh. 2).

claims, the district court must dismiss the petition. *Id.* at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).

Petitioner raises the following three claims in this action: (1) evidence of a third party shooter, David Cox, should have been more fully presented to the jury, Dkt. No. 1 at 5; (2) evidence proving the gang enhancement was wrongfully admitted to show motive at trial, *id.* at 7; and (3) counsel was ineffective for choosing not to present testimony of alibi witnesses, *id.* at 8. Respondent asserts that Petitioner did not exhaust his state judicial remedies for any of the three claims raised in this action because he did not present them to the state's highest court for review. Dkt. No. 9 at 2, 5. On appeal, Petitioner raised the claims that trial counsel was ineffective for failing to argue that the "Clearlake Skinheads" was not a criminal street gang, and that a four-year consecutive sentence for felon in possession should have been stayed. Dkt. No. 9-1 at 3. As such, Respondent argues that the instant petition must be dismissed for failure to exhaust state judicial remedies. *Id.*

Respondent also notes that in the petition, Petitioner indicates that he filed a new trial motion based on the evidence of a third party shooter, and a motion to "reveal juror identity" in state superior court. Dkt. No. 1 at 3, 4. However, as Respondent asserts, none of the claims raised therein were pursued through the state's highest court. Nor can it be said that Petitioner's challenge to his appellate counsel's performance in failing to raise his innocence claim on appeal was exhausted since he never presented such a claim before the state supreme court. *Id.* at 5.

In opposition, Petitioner presents no evidence to dispute Respondent's arguments. Rather, he asserts that his case is the "exception" and that the Court should hold an evidentiary hearing regarding his claims. Dkt. No. 10. However, this Court may only consider an evidentiary hearing to review the state record for claims which are exhausted and properly before the Court, not unexhausted claims. *See Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995) (district court correct in only considering state record of claims exhausted on direct appeal and not expanded state record addressing procedurally defaulted claims).

After reviewing the papers submitted on this matter, the Court finds Petitioner did not exhaust state judicial remedies with respect to any of the claims raised in the instant petition. There is no dispute that Petitioner did not present any of the three claims raised herein to the state high court for a fair opportunity to rule on the merits. *See* 28 U.S.C. § 2254(b)-(c); *Duckworth*, 454 U.S. at 3-5. Accordingly, the petition must be dismissed for failure to exhaust state judicial remedies. *See Rose*, 455 U.S. at 509-10. Respondent's motion to dismiss must be granted.

### III.  CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition, Dkt. No. 9, is **GRANTED**. *See Rose v. Lundy*, 455 U.S. at 510. The instant petition for a writ of habeas corpus is **DISMISSED** for failure to exhaust state judicial remedies. The dismissal is without prejudice to Petitioner returning to this Court after exhausting available state remedies. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

No certificate of appealability is warranted in this case. *See* Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This order terminates Docket No. 9.

**IT IS SO ORDERED.**

Dated:     January 27, 2021

BETH LABSON FREEMAN
United States District Judge

Order Granting Motion to Dismiss; Denying COA
P:\PRO-SE\BLF\HC.20\00153Mount_grant-mtd (exh)